IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY JEROME WOMACK,

    Plaintiff,                  No. CIV S-10-2778 DAD P

    vs.

C. BAKEWELL et al.,               ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on a motion to dismiss brought on behalf of defendants Bakewell, Bal, Deems, Duc, Nangalama, and Walker. Plaintiff has filed an opposition to the motion, and defendants have filed a reply. Plaintiff has also filed an unauthorized response to defendants' reply, which defendants have moved to strike.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint against defendants Nurse Bakewell, Dr. Bal, Chief Executive Officer ("CEO") Deems, Dr. Duc, Dr. Nangalama, and Warden Walker. Therein, plaintiff alleges as follows. U.C. Davis orthopedic specialist Eric Giza performed ankle surgery on plaintiff on February 13, 2009. When plaintiff woke up from the surgery, Dr. Giza told him to elevate his ankle above his heart for the next three or four days

1

and stay off of his ankle during the same period of time. Dr. Giza also told plaintiff to gradually start walking on his ankle with crutches as his pain would allow. Dr. Giza emphasized to plaintiff to proceed gradually to avoid re-injuring his ankle before the natural healing process began. (Compl. at 3-4.) However, when plaintiff returned to Folsom State Prison after the surgery, defendants Dr. Duc and Nurse Bakewell refused to provide him with a wheelchair, crutches, or a cane to help him avoid putting pressure on his ankle. Instead, they forced plaintiff to hop, limp, and hobble, which caused him to miss a post-surgery follow-up appointments at U.C. Davis and resulted in his ankle healing improperly. Plaintiff alleges that he notified defendants Dr. Bal, CEO Deems, Dr. Nangalama, and Warden Walker of the excruciating pain he was enduring without a wheelchair, crutches, or a cane, but they too ignored his requests for help. All told, plaintiff alleges that he went thirteen months without an appropriate and medically necessary assistive device from defendants. (Compl. at 4-8.)

Based on these allegations, plaintiff claims that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. As a result of defendants' conduct, plaintiff alleges that he now requires a second ankle surgery. Plaintiff also claims that defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama engaged in a conspiracy to fabricate his medical records in order tp conceal their misconduct. According to plaintiff, they falsely reported that plaintiff did not walk with a limp, that plaintiff's ankle showed no sign of swelling, and that plaintiff's ankle exam was normal. In terms of relief, plaintiff requests the award of monetary damages. (Compl. at 9-12.)

**DEFENDANTS' MOTION TO DISMISS**

I. <u>Defendants' Motion</u>

Pursuant to unenumerated Rule 12(b), defense counsel moves to dismiss plaintiff's claims for failure to exhaust his administrative remedies prior to filing suit. Specifically, counsel contends that plaintiff failed to pursue Appeal Log # SAC-10-11890 to the third level of review (Office of Third Level Appeals-Health Care ("OTLA-HC")), and therefore

any claims set forth therein are unexhausted.  In that inmate appeal, plaintiff explained that officers arrived at his cell and asked him if he wanted to go to the U.C. Davis Medical Center for his appointment.  Plaintiff explained to the officers that he could not go because prison officials had not provided him with a wheelchair for transportation.  In terms of relief, plaintiff requested a medical chrono for a wheelchair and an increase in his pain medication.  (Defs.' Mot. to Dismiss (Doc. No. 19) at 3-6 & Zamora Decl. Ex. A-1.)

          Pursuant to Rule 12(b)(6), defense counsel also moves to dismiss plaintiff's complaint on the grounds that it fails to state a cognizable claim.  Specifically, defense counsel contends that plaintiff's allegations against defendants Dr. Duc and Nurse Bakewell are insufficient to state a cognizable deliberate indifference claim.  At best, according to defense counsel, plaintiff alleges a mere difference of opinion between himself and medical personnel with respect to the proper treatment of his condition.  Counsel also contends that plaintiff's complaint fails to state a cognizable conspiracy claim against defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama because nowhere in his complaint does plaintiff allege that these defendants agreed to and willingly participated in a conspiracy to falsify plaintiff's medical records.  Finally, counsel argues that because prisoners are not entitled to a specific grievance procedure, plaintiff's complaint fails to state a claim against defendants Nurse Bakewell, Dr. Bal, CEO Deems, Dr, Nangalama, and Warden Walker for the way that they adjudicated his inmate appeals or implemented the administrative appeals process within the prison system.  (Defs.' Mot. to Dismiss at 7-10.)

II. Plaintiff's Opposition

          In opposition to the defendants' motion to dismiss, plaintiff argues that he submitted Appeal Log # SAC-10-11890 to OTLA-HC, but prison officials never responded to it.  In any event, plaintiff contends that he raised the same medical care claims in Appeal Log # 10-08-10823 and Appeal Log # 10-10-10368, and he pursued both of those appeals through the third level of appeal.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss (Doc. No. 27) at 1-3.)

Plaintiff also argues that his complaint states cognizable claims. As to his deliberate indifference claim against defendants Dr. Duc and Nurse Bakewell, plaintiff argues that the failure of those defendants to provide him with a wheelchair, crutches, or other assistive device caused him unbearable pain and contravened a prescription he was given for crutches eight days before his surgery. As to his conspiracy claim against defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama, plaintiff argues that they falsified his medical records to indicate that he walked with a steady gait and did not show signs of distress. In addition, plaintiff speculates that his Appeal Log # SAC-10-11890 never reached the third level of review because it was in the best interest of these defendants not to have their false medical reports reviewed and contradicted. Finally, as to his claims against defendants Dr. Bal, CEO Deems, and Warden Walker, plaintiff argues that these defendants were certainly placed on notice of his serious medical needs because they responded to a "great number" of his inmate appeals related to his medical claims set forth in his complaint. Plaintiff also contends that these defendants had knowledge that their subordinates refused to accommodate him with an assistive device after surgery and, therefore, they should be liable to him as well. (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 5-13.)

III. Defendants' Reply

In reply, defense counsel reiterates that plaintiff failed to exhaust any of his claims arising from his inmate grievance Appeal Log # SAC-10-11890. Counsel contends that plaintiff has submitted no evidence showing that he submitted an administrative appeal to the third level of review or that anyone purposely removed such an appeal from consideration. (Defs.' Reply (Doc. No. 30) at 2.)

Defense counsel also reiterates that plaintiff's complaint fails to state a cognizable claim. As to plaintiff's deliberate indifference claim against defendants Dr. Duc and Nurse Bakewell for allegedly refusing to provide plaintiff with an assistive device, defense counsel contends that plaintiff's own exhibits show that he had obtained crutches for his use both before

and after surgery. As to plaintiff's conspiracy claim, counsel contends that there are no factual allegations in plaintiff's complaint, or in his opposition to the pending motion, indicating that defendants Dr. Duc, Nurse Bakewell, or Dr. Nangalama conspired to falsify plaintiff's medical records. Finally, defense counsel repeats that defendants Dr. Bal, CEO Deems, and Warden Walker's role in the events involved in this action was limited to their adjudication of plaintiff's inmate appeals. In counsel's view, the court should disregard plaintiff's attempt to raise a new claim for supervisory liability against those defendants. (Defs.' Reply at 3-6.)

**ANALYSIS**

I. <u>Motion Pursuant to Non-Enumerated Rule 12(b)</u>

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. <u>See</u> <u>id.</u> at 741 n.6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 90-93 (2006).

In California, prisoners may appeal "any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, §

1  3084.1(a).  Most appeals progress through three levels of review.  See id. § 3084.7.  The third

2  level of review constitutes the decision of the Secretary of the California Department of

3  Corrections and Rehabilitation and exhausts a prisoner's administrative remedies.  See id. §

4  3084.7(d)(3).  A California prisoner is required to submit an inmate appeal at the appropriate

5  level and proceed to the highest level of review available to him.  Butler v. Adams, 397 F.3d

6  1181, 1183 (9th Cir. 2005); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

7         The PLRA exhaustion requirement is not jurisdictional but rather creates an

8  affirmative defense.  See Jones v. Bock, 549 U.S.199, 216 (2007) ("[I]nmates are not required to

9  specially plead or demonstrate exhaustion in their complaints."); Wyatt v. Terhune, 315 F.3d

10  1108, 1117-19 (9th Cir. 2003).  The defendants bear the burden of raising and proving the

11  absence of exhaustion.  Wyatt, 315 F.3d at 1119.  When the district court concludes that the

12  prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal

13  of the claim without prejudice."  Id. at 1120.  See also Lira v. Herrera, 427 F.3d 1164, 1170 (9th

14  Cir. 2005).  On the other hand, "if a complaint contains both good and bad claims, the court

15  proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

16         In this case, the court finds that plaintiff exhausted his deliberate indifference

17  claim in connection with the defendants' alleged refusal to provide him with an assistive device

18  following his ankle surgery.  Defense counsel unpersuasively argues that plaintiff failed to pursue

19  Appeal Log # SAC-10-11890 through OTLA-HC, so any claims set forth therein are

20  unexhausted.  However, even assuming plaintiff failed to submit Appeal Log # SAC-10-11890 to

21  the third level of review, plaintiff raised virtually identical claims in Appeal Log # SAC-08-

22  10823, which defendants acknowledge plaintiff pursued through OTLA-HC.  (Defs.' Mot. to

23  Dismiss at 4.)

24         In Appeal Log # SAC-08-10823, plaintiff claimed that officers arrived at his cell

25  and asked him to go to R&R to be transported to U.C. Davis for his medical appointment.

26  Plaintiff explained to them that no one had given him a wheelchair and that he needed one

because he could not walk the distance from his cell to R&R due to pain in his ankle.  The officers left plaintiff's cell and came back and informed him that he did not have a medical chrono for a wheelchair.  They also told plaintiff that if he did not go with them, his actions would amount to a refusal.  Plaintiff complained that he had no choice but to refuse to go with the officers because he could not limp all the way to R&R.  In terms of relief, plaintiff requested a medical chrono for a wheelchair.  He also asked to re-schedule his post-surgical follow-up appointment with U.C. Davis Medical Center.  (Defs.' Mot. to Dismiss, Zamora Decl. Ex. A-2.)

To satisfy the exhaustion requirement, a prisoner is not required to name the individuals in his administrative appeal that he later decides to name in his lawsuit.  Jones, 549 U.S. at 219 ("exhaustion is not per se inadequate simply because an individual later sued was not named in the grievances.").  Nor is a prisoner required to allege every fact necessary to state or prove a legal claim in his administrative appeal.  See Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  The primary purpose of an administrative appeal is merely "to notify the prison of a problem."  Id. at 1120.  Here, plaintiff's administrative appeal, Appeal Log # SAC-08-10823, gave prison officials a fair opportunity to respond to his medical care claims.  Id. at 1121 (a prisoner must "provide enough information . . . to allow prison officials to take appropriate responsive measures.").  In addition, as noted above, plaintiff pursued Appeal Log # SAC-08-10823 through the third level of review.  Accordingly, the pending motion to dismiss based on plaintiff's alleged failure to exhaust his administrative remedies prior to filing suit should be denied.

II. Motion Pursuant to Rule 12(b)(6)

The court now turns to defense counsel's contention that plaintiff's complaint fails to state a cognizable claim.  A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

1  under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
2  1990). In order to survive dismissal for failure to state a claim a complaint must contain more
3  than "a formulaic recitation of the elements of a cause of action;" it must contain factual
4  allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v.
5  Twombly, 550 U.S. 544, 555 (2007).
6        In determining whether a pleading states a claim, the court accepts as true all
7  material allegations in the complaint and construes those allegations, as well as the reasonable
8  inferences that can be drawn from them, in the light most favorable to the plaintiff. Hishon v.
9  King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.
10 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In the context of a
11 motion to dismiss, the court also resolves doubts in the plaintiff's favor. Jenkins v. McKeithen,
12 395 U.S. 411, 421 (1969). However, the court need not accept as true conclusory allegations,
13 unreasonable inferences, or unwarranted deductions of fact. W. Mining Council v. Watt, 643
14 F.2d 618, 624 (9th Cir. 1981).
15       In general, pro se pleadings are held to a less stringent standard than those drafted
16 by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). The court has an obligation to construe
17 such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).
18 However, the court's liberal interpretation of a pro se complaint may not supply essential
19 elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d
20 266, 268 (9th Cir. 1982); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).
21       A. Plaintiff's Eighth Amendment Claim
22       First, the court will address defense counsel's contention that plaintiff's complaint
23 fails to state a cognizable Eighth Amendment claim against defendants Dr. Duc and Nurse
24 Bakewell. The Eighth Amendment prohibits the infliction of "cruel and unusual punishments."
25 U.S. Const. amend. VIII. The "unnecessary and wanton infliction of pain" constitutes cruel and
26 unusual punishment prohibited by the United States Constitution. Whitley v. Albers, 475 U.S.

312, 319 (1986). See also Ingraham v. Wright, 430 U.S. 651, 670 (1977); Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Neither accident nor negligence constitutes cruel and unusual punishment, as "[i]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley, 475 U.S. at 319.

What is needed to show unnecessary and wanton infliction of pain "varies according to the nature of the alleged constitutional violation." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citing Whitley, 475 U.S. at 320). To prevail on an Eighth Amendment claim the plaintiff must allege and show that objectively he suffered a "sufficiently serious" deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991). The plaintiff must also allege and show that subjectively each defendant had a culpable state of mind in allowing or causing the plaintiff's deprivation to occur. Farmer, 511 U.S. at 834.

It is well established that "deliberate indifference to serious medical needs of prisoners constitutes 'unnecessary and wanton infliction of pain.'" Estelle, 429 U.S. at 104; McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc). In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may also be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988). Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Based on the allegations in plaintiff's complaint, the court finds that plaintiff has stated a cognizable claim against defendants Dr. Duc and Nurse Bakewell for deliberate indifference to his serious medical needs in violation of the Eighth Amendment. According to


plaintiff's complaint, medical doctors prescribed him crutches to use both before and after his ankle surgery. However, the defendants failed to provide him with crutches or any assistive device after that surgery. In plaintiff's view, defendants' conduct forced him to miss a post-surgery follow-up appointments with U.C. Davis and caused his ankle to heal improperly. If proven, the defendants' alleged denial of plaintiff's requests for an assistive device and/or defendants' alleged interference with plaintiff's prescribed medical care could very well amount to a violation of plaintiff's constitutional rights. See Estelle, 429 U.S. at 104-05 (deliberate indifference may manifest "by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed"); Lopez v. Smith, 203 F.3d 1122, 1132 (9th Cir. 2000) (a prisoner may establish deliberate indifference by showing that a prison official intentionally interfered with his medical treatment); Wakefield v. Thompson, 177 F.3d 1160, 1165 & n.6 (9th Cir. 1999) ("a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon."); see also Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (on a motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed, it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.")).

Accordingly, defendants' motion to dismiss plaintiff's Eighth Amendment claim should be denied.

      B.  Plaintiff's Conspiracy Claim

Next, the court will address defense counsel's contention that plaintiff's complaint fails to state a cognizable conspiracy claim against defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama. To state a conspiracy claim under § 1983, plaintiff must allege that defendants reached an agreement or a meeting of the minds to violate plaintiff's constitutional rights. See Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2002); Woodrum v. Woodward County, 866 F.2d

1121, 1126 (9th Cir. 1989); Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).  Although each of the defendants does not need to know the exact details of the plan, each defendant must share a common objective of the conspiracy.  Franklin, 312 F.3d at 441; Fonda, 707 F.2d at 438.

    Based on the allegations in plaintiff's complaint, the court finds that plaintiff has failed to state a cognizable claim for conspiracy.  In his complaint, plaintiff merely alleges that he is bringing a § 1983 claim "for conspiricy [sic] to falsify, fabricate medical observation reports concerning the chronic damage in plaintiff's left ankle joint."  (Compl. (Doc. No. 1).)  Plaintiff alleges that the defendants falsely reported that he does not walk with a limp, that his left ankle did not show signs of swelling, and that his left ankle exam was normal.  They did so, in plaintiff's view, to justify their denial of an assistive device for him and because Folsom State Prison medical staff does not want to provide financial support for his second ankle surgery.  (Id. at 9 & 12.)

    Although the court must construe plaintiff's complaint liberally, the court may not supply essential elements of a claim that plaintiff did not plead in his complaint.  Ivey, 673 F.2d at 268.  Here, plaintiff has failed to allege in his complaint that defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama reached any sort of agreement or had a meeting of the minds to violate his constitutional rights.  See Franklin, 312 F.3d at 441; William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 668 F.2d 1014, 1055 (9th Cir. 1981) (defendants must have "reached 'a unity of purpose or a common design and understanding, or a meeting of the minds in an unlawful arrangement.'"); Williams v. Foote, No. CV 08-2838 CJC (JTL), 2009 WL 1520029 at *13 (C.D. Cal. May 28, 2009) ("Although plaintiff claims that defendant Brochu 'conspired' with defendant Foote in the 'falsified investigation' and 'co[rrobor]ated the confidential information forcing a wrongful conviction,' and that defendants issued the RVR charging him with attempted murder of a peace officer solely based on confidential information they deemed reliable, plaintiff fails to allege specific facts of an agreement or meeting of the minds to violate plaintiff's constitutional rights.").

As alleged, plaintiff's conspiracy claim is purely speculative. See Perkins v. Kemalyan, No. CV 09-7439, 2010 WL 6416247 at *5 (C.D. Aug. 6, 2010) ("Our jurisprudence requires more than labels of a conspiracy; it requires factual content."). It is well established that vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient to state a cognizable claim under § 1983. See Woodrum, 866 F.2d at 1126 (affirming district court's dismissal under Rule 12(b)(6) where plaintiff provided only conclusory allegations of conspiracy).

Accordingly, defendants' motion to dismiss plaintiff's conspiracy claim should be granted.

### C. Plaintiff's Claims Regarding His Administrative Appeals

Finally, the court will address defense counsel's contention that plaintiff's complaint fails to state a claim against the named defendants for the manner in which they processed and denied his administrative inmate appeals. As an initial matter, "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). In this regard, prison officials are not required under federal law to process administrative appeals in a specific way or to respond to them in a favorable manner. Even if prison officials delay, deny, or erroneously screen out a prisoner's appeals, they have not deprived him of a federal constitutional right. See Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a

deprivation of federal rights); Williams v. Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

In his complaint, plaintiff alleges that he filed administrative appeals against defendants Dr. Duc and Nurse Bakewell, against defendants Dr. Duc, Dr. Bal, Nurse Bakewell, and Warden Walker, and against defendants Dr. Nangalama, CEO Deems, and Warden Walker. In those inmate appeals, plaintiff maintains that he informed prison officials that he was suffering as a result of defendants Dr. Duc and Nurse Bakewell's refusal to accommodate him by providing an assistive device. (Compl. at 5-6.)  Insofar as plaintiff is attempting to assert a constitutional claim or claims against the defendants solely based on the way in which they reviewed or denied his administrative appeals, plaintiff's complaint fails to state a cognizable claim.  See Ramirez, 334 F.3d at 860.

However, contrary to defense counsel's characterization of the complaint, plaintiff does not merely allege that defendants failed to appropriately process to his administrative inmate appeals.  Rather, plaintiff also alleges that he put the defendants on notice with his administrative appeals that he had a serious medical need that was not being met and that defendants' denial of his requests for relief constitutes deliberate indifference. (Compl. at 5-6.) Based on these allegations in plaintiff's complaint, the court finds that plaintiff has stated a cognizable claim against the named defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  See Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (a supervisory defendant may be held liable "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'") (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)); Brammer v. Yates, No. F-07-1350 GBC (PC), 2011 WL 5873393 at *5 (E.D. Cal. Nov. 22, 2011) ("[A] plaintiff may establish liability on the part of defendants involved in the administrative grievance process under the Eighth Amendment by alleging that

1  his appeal put defendants on notice that he had a serious medical need that was not being met,
2  and their denial, therefore, constituted deliberate indifference to his medical need."); Uriarte v.
3  Schwarzenegger, No. 06cv1558-MMA (WMC), 2011 WL 4945232 at *6 (S.D. Cal. Oct. 18,
4  2011) (allegations that defendants "denied [p]laintiff's appeal for medical attention and adequate
5  treatment despite their awareness that [p]laintiff was in need of such treatment" were sufficient to
6  withstand a motion to dismiss); Thomas v. Brooks, No. F-06-1332 LJO YNP PC, 2009 WL
7  3365872 at *9 (E.D. Cal. Oct. 16, 2009) ("if a prisoner alleges that an administrative grievance
8  gave prison authorities actual knowledge of a substantial risk of serious harm to the prisoner and
9  the same prison authorities fail to take any action to protect the prisoner, that prisoner may be
10 able to state a cognizable claim for the violation of his rights under the Eighth Amendment.");
11 Fleming v. Allen, No. C 07-2338 CW (PR), 2009 WL 2215956 at *3 (N.D. Cal. July 23, 2009)
12 ("Under certain circumstances, it may be that a prison grievance reviewer who becomes aware of
13 an unmet serious medical need on the part of an inmate and who acts with deliberate indifference
14 could be held liable for a civil rights violation."). Accordingly, insofar as plaintiff's claims are
15 based solely on defendants' review and denial his administrative appeals, defendants' motion to
16 dismiss should be granted. In all other respects, however, defendants' motion to dismiss those
17 claims and/or defendants should be denied.

18      In sum, after carefully reviewing the parties' briefing, the court finds that plaintiff
19 has exhausted his administrative remedies prior to filing the complaint in this action. The court
20 also finds that plaintiff's complaint states a cognizable claim for deliberate indifference in
21 violation of the Eighth Amendment against all of the named defendants. However, for the
22 reasons discussed above, the court finds that plaintiff's complaint fails to state a cognizable
23 conspiracy claim against defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama and fails to
24 state a cognizable claim against any of the defendants based solely on the manner in which they
25 reviewed or denied his administrative appeals.
26 /////

**OTHER MATTERS**

Also pending before the court is defendants' motion to strike plaintiff's response to defendants' reply. As an initial matter, defense counsel is correct that the court neither invited plaintiff's sur-reply nor authorized it. See Local Rule 230(l). However, the court's findings and recommendations set forth herein are not based on any of the argument presented in plaintiff's unauthorized response to defendants' reply. Accordingly, the court will deny defendants' motion to strike as unnecessary.

Defendants have also filed a series of evidentiary objections to the exhibits plaintiff attached to his opposition to the pending motion to dismiss. Again, the court's findings and recommendations herein are not based on any of those exhibits. Accordingly, the court will overrule defendants' objections without prejudice to reasserting them at trial should plaintiff move to introduce any of his exhibits into evidence at that time.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Defendants' objections (Doc. No. 31) are overruled without prejudice to reasserting them at trial;

2. Defendants' motion to strike (Doc. No. 33) is denied as unnecessary; and

3. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss for failure to exhaust administrative remedies (Doc. No. 19) be denied;

2. Defendants' motion to dismiss for failure to state a claim (Doc. No. 19) be granted in part and denied in part as follows:

    a. Defendants' motion to dismiss plaintiff's Eighth Amendment claim against defendants Dr. Duc and Nurse Bakewell be denied;

      b. Defendants' motion to dismiss plaintiff's conspiracy claim against defendants Dr. Duc, Nurse Bakewell, and Dr. Nangalama be granted;

      c. Defendants' motion to dismiss plaintiff's claims in connection with his administrative appeals be granted insofar as his claims are solely based on defendants' review and denial of his administrative appeals; and

3. Defendants Nurse Bakewell, Dr. Bal, CEO Deems, Dr. Duc, Dr. Nangalama, and Warden Walker be directed to file an answer in response to plaintiff's Eighth Amendment claims within thirty days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
woma2778.57