IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY WOMACK,

     Plaintiff,                        No. 2:10-cv-02778-GEB-DAD P

    vs.

C. BAKEWELL, et al.,

     Defendants.             <u>ORDER</u>

_____ /

        Plaintiff is a state prisoner proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. On September 5, 2012, plaintiff filed a motion for a temporary restraining order seeking an order from the court requiring prison officials to increase his methadone medication prescribed for pain, issue a cane for plaintiff's use, and to conduct an investigation into plaintiff's medical condition and treatment. In that motion plaintiff explains that his methadone medication was reduced on August 28, 2012, and that the decrease in dosage has caused him to experience "unbearable excruciating pain[.]" (Doc. No. 45 at 4.) Plaintiff also explains that the increased methadone dosage and a cane are needed so that he can exercise in the prison yard more regularly in order to lose weight and improve his health.

        Plaintiff's motion fails to comply with the requirements of Local Rule 231(c). Specifically, plaintiff's motion for injunctive relief is not supported by a declaration made under

penalty of perjury on the question of irreparable injury.  Plaintiff is also advised that this court is unable to issue an order against individuals who are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  In this action, plaintiff is proceeding against defendants Nurse Bakewell, Dr. Bal, CEO Deems, Dr. Duc, Dr. Nangalama and Warden Walker.  However, plaintiff's motion for a temporary restraining order does not identify who issued the order reducing his methadone dosage or refused to issue him a cane.  In addition, should plaintiff elect to file a new motion seeking a temporary restraining order, he must explain whether he has utilized and exhausted the inmate grievance procedure to obtain the requested relief.  See Farmer v. Brennan, 511 U.S. 825, 847 (1994) ("When a prison inmate seeks injunctive relief, a court need not ignore the inmate's failure to take advantage of adequate prison procedures, and an inmate who needlessly bypasses such procedures may properly be compelled to pursue them.").

         Accordingly, IT IS HEREBY ORDERED that plaintiff's September 5, 2012 motion for a temporary restraining order (Doc. No. 45) is denied without prejudice.

DATED: September 7, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
wom2778.tro